# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**WANDA MARIE WALDROP,**

      **Plaintiff,**

**v.**                                          **Case No: 6:16-cv-1221-Orl-37DCI**

**COMMISSIONER OF SOCIAL
SECURITY,**

      **Defendant.**

---

## REPORT AND RECOMMENDATION

Wanda Marie Waldrop (Claimant) appeals the Commissioner of Social Security's final decision denying her application for disability benefits. Doc. 1. Claimant argues that the Administrative Law Judge (ALJ) erred by: 1) not finding that her diabetes and neuropathy are severe impairments; 2) failing to weigh all the opinions in the record; and 3) posing a hypothetical question to the Vocational Expert (VE) that did not account for all her functional limitations. Doc. 22 at 9-13, 16-26, 30-32. Claimant requests that the matter be reversed and remanded for further proceedings. *Id*. at 34. The undersigned **RECOMMENDS** that the Commissioner's final decision be **AFFIRMED**.

## I.    <u>THE ALJ'S DECISION.</u>

This case stems from Claimant's application for disability insurance benefits. R. 145-46. Claimant originally alleged a disability onset date of July 17, 2012, R. 145, but, subsequently, amended her disability onset date to February 14, 2010, R. 45.

The ALJ issued her decision on November 4, 2014. R. 26-36. The ALJ found that Claimant's date last insured was September 30, 2015. R. 28. The ALJ found that Claimant has

the following severe impairments: degenerative disc disease of the lumbar spine; coronary artery disease; and obesity. R. 28. The ALJ also found that Claimant suffers from the following non-severe impairments: diabetes; hypertension; high cholesterol; and depressive disorder. R. 28-29. The ALJ found that Claimant does not have an impairment or combination of impairments that meets or medically equals any listed impairment. R. 29-30.

The ALJ found that Claimant has the residual functional capacity (RFC) to perform "less than the full range of sedentary work" as defined by 20 C.F.R. § 404.1567(a),[1] with the following limitations:

> The claimant can occasionally climb ramps/stairs, cannot climb ladders/ropes/scaffolds; can occasionally stoop/crouch, cannot kneel/crawl, cannot work in conditions of extreme heat/cold/vibration, cannot work near unprotected heights/dangerous machinery; and requires posturally neutral work which can be performed seated or standing.

R. 30. The ALJ, subsequently, found that Claimant is able to perform her past relevant work as a customer serviceperson. R. 36.[2] Thus, the ALJ found that Claimant was not disabled between her alleged onset date, February 14, 2010, through the date of the decision, November 4, 2014. *Id*.

## II.   STANDARD OF REVIEW.

"In Social Security appeals, [the court] must determine whether the Commissioner's decision is supported by substantial evidence and based on proper legal standards." *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011) (quotations omitted). The

---

[1] Sedentary work is defined as "lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties. Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met." 20 C.F.R. § 404.1567(a).

[2] The ALJ did not address step five of the sequential evaluation process. *See* R. 36.

Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is more than a scintilla – i.e., the evidence must do more than merely create a suspicion of the existence of a fact, and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995) (citing *Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982) and *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). Where the Commissioner's decision is supported by substantial evidence, the District Court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that the evidence preponderates against the Commissioner's decision. *Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991); *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991). The Court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. *Foote*, 67 F.3d at 1560. The District Court "'may not decide the facts anew, reweigh the evidence, or substitute [its] judgment for that of the [Commissioner].'" *Phillips v. Barnhart*, 357 F.3d 1232, 1240 n.8 (11th Cir. 2004) (quoting *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983)).

III.    ANALYSIS.

A.  Step 2.

Claimant maintains that her diabetes and resulting neuropathy are severe impairments, which "would affect [her] ability to sit, stand and walk[.]" Doc. 22 at 12. Thus, Claimant argues that the ALJ erred by not finding these impairments to be severe. *Id*. Further, Claimant argues that the ALJ's failure to finding these impairments to be severe at step two of the sequential evaluation process suggests that the ALJ did not factor these impairments, and any related functional limitations, into his later RFC determination. *Id*. at 12-13.

The Commissioner argues that the ALJ committed no error at step two because he determined that Claimant had severe impairments and continued on with the sequential evaluation process. *Id*. at 13-14. The Commissioner also argues that the ALJ did not ignore Claimant's diabetes and neuropathy at step four, but expressly discussed and considered those impairments in reaching his RFC determination. *Id*. at 14-15.

At step two, the ALJ must determine whether the claimant has a medically determinable impairment that is severe or a combination of impairments that are severe. 20 C.F.R. § 404.1520(c). "This step acts as a filter; if no severe impairment is shown the claim is denied, but the finding of any severe impairment, whether or not it qualifies as a disability and whether or not it results from a single severe impairment or a combination of impairments that together qualify as severe, is enough to satisfy the requirement of step two." *Jamison v. Bowen*, 814 F.2d 585, 588 (11th Cir. 1987). Thus, the finding of a single severe impairment satisfies step two. *See id*. The failure to find additional severe impairments is harmless error as long as the ALJ considers all of the claimant's impairments (severe and non-severe) in combination throughout the rest of the sequential evaluation process. *See, e.g.*, *Freeman v. Comm'r, Soc. Sec. Admin.*, 593 F. App'x 911, 914-915 (11th Cir. 2014) (per curiam); *Tuggerson-Brown v. Comm'r of Soc. Sec.*, 572 F. App'x 949, 951-52 (11th Cir. 2014) (per curiam).[3]

The ALJ found that Claimant suffered from several severe impairments. R. 28. Thus, the ALJ satisfied step two. *Jamison*, 814 F.2d at 588. The ALJ then proceeded to consider all of Claimant's impairments throughout the rest of the sequential evaluation process. R. 29-36. The ALJ did not expressly mention Claimant's diabetes or neuropathy at step three, but found that

---

[3] In the Eleventh Circuit, unpublished decisions are not binding, but are persuasive authority. *See* 11th Cir. R. 36-2.

Claimant "does not have an impairment or combination of impairments that medically meets or equals the severity of any of the [listed] impairments." R. 29. This finding sufficiently demonstrates that the ALJ considered the combined effects of the claimant's impairments, including her diabetes and neuropathy, at step three of the sequential evaluation process. *See Hutchinson v. Astrue*, 408 F. App'x 324, 327 (11th Cir. 2011) (per curiam); *Wilson v. Barnhart*, 284 F.3d 1219, 1224-25 (11th Cir. 2002) (per curiam).[4] The ALJ expressly discussed and considered Claimant's diabetes and neuropathy at step four. R. 31-36. The ALJ ultimately determined that Claimant's impairments, including her diabetes and the resulting neuropathy in her feet, limited Claimant to less than a full range of sedentary work. R. 30, 34. Thus, to the extent the ALJ erred by not finding Claimant's diabetes and neuropathy were severe impairments, that error is harmless since the ALJ considered all of Claimant's impairments, including her diabetes and neuropathy, at steps three and four of the sequential evaluation process. *See, e.g.*, *Freeman*, 593 F. App'x at 914-915; *Tuggerson-Brown*, 572 F. App'x at 951-52. Therefore, it is **RECOMMENDED** that the Court reject Claimant's first assignment of error.

### B. Medical Opinions.

Claimant argues that the ALJ erred by failing to adequately consider and weigh her treating physicians' opinions. Doc. 22 at 16-26. The Commissioner argues that the ALJ properly considered and weighed the medical opinions in the record, and that the ALJ's RFC determination is supported by substantial evidence. *Id*. at 26-30.

---

[4] The undersigned also notes that Claimant does not argue that she meets any listed impairments. *See* Doc. 22 at 9-13, 16-26, 30-32. Thus, Claimant has waived any argument that the ALJ erred at step three. *See Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1161 (11th Cir. 2004) (per curiam) (refusing to consider an argument that the claimant failed to raise before the district court).

The ALJ assesses the claimant's RFC and ability to perform past relevant work at step four of the sequential evaluation process. *Phillips*, 357 F.3d at 1238. The RFC "is an assessment, based upon all of the relevant evidence, of a claimant's remaining ability to do work despite his impairments." *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997). The ALJ is responsible for determining the claimant's RFC. 20 C.F.R. § 404.1546(c). In doing so, the ALJ must consider all relevant evidence, including, but not limited to, the medical opinions of treating, examining and non-examining medical sources. *See* 20 C.F.R. § 404.1545(a)(3); *see also Rosario v. Comm'r of Soc. Sec.*, 490 F. App'x 192, 194 (11th Cir. 2012) (per curiam).

The ALJ must consider a number of factors in determining how much weight to give each medical opinion, including: 1) whether the physician has examined the claimant; 2) the length, nature, and extent of the physician's relationship with the claimant; 3) the medical evidence and explanation supporting the physician's opinion; 4) how consistent the physician's opinion is with the record as a whole; and 5) the physician's specialization. 20 C.F.R. § 404.1527(c).

A treating physician's opinion must be given substantial or considerable weight, unless good cause is shown to the contrary. *See* 20 C.F.R. § 404.1527(c)(2) (giving controlling weight to the treating physician's opinion unless it is inconsistent with other substantial evidence); *see also Winschel*, 631 F.3d at 1179. There is good cause to assign a treating physician's opinion less than substantial or considerable weight, where: 1) the treating physician's opinion is not bolstered by the evidence; 2) the evidence supports a contrary finding; or 3) the treating physician's opinion is conclusory or inconsistent with the physician's own medical records. *Winschel*, 631 F.3d at 1179.

The ALJ must state the weight assigned to each medical opinion, and articulate the reasons supporting the weight assigned to each opinion. *Winschel*, 631 F.3d at 1179. The failure to state

the weight with particularity or articulate the reasons in support of the weight prohibits the Court from determining whether the ultimate decision is rational and supported by substantial evidence. *Id*.

Claimant, as previously mentioned, argues that the ALJ erred by not adequately considering and weighing her treating physicians' opinions. Doc. 22 at 16-17, 20. This argument suggests that the record contains opinions from several treating sources, and that the ALJ failed to weigh each treating source opinion. Claimant, though, limits her argument to a single treating physician, Dr. Vyacheslav Scott Gutkin, arguing that the ALJ failed to weigh Dr. Gutkin's treatment notes. Doc. 22 at 22-26. Claimant does not discuss any other treating source, or identify any other treating source opinion that the ALJ allegedly failed to consider or weigh. *See id*. at 16-26.[5] Thus, the undersigned finds that Claimant has effectively waived any argument that the ALJ erred by failing to weigh any medical opinion not specifically addressed in her brief. *See Singh v. U.S. Att'y Gen.*, 561 F.3d 1275, 1278-79 (11th Cir. 2009) (explaining that simply stating an issue exists, without further argument or discussion, constitutes abandonment of that issue). Therefore, the undersigned will focus on Claimant's argument concerning the ALJ's consideration of Dr. Gutkin's treatment notes.

The record reveals that Claimant began treating with Dr. Gutkin, a family physician, at the Centre for Family Medicine (CFM) in April 2012. R. 294-99. Dr. Gutkin treated claimant on several occasions between April 2012 and June 2013. R. 271-98, 524-30, 543-50, 610-13.

---

[5] Claimant passingly argues that the ALJ failed to state the weight she assigned to Dr. Hazel-Ann David's opinion. Doc. 22 at 21. This argument is unavailing, because Claimant does not point to any records or opinions from Dr. David, *see id* at 16-26, and the undersigned's independent review of the record did not uncover any records or opinions from Dr. David, *see* R. 268-731. Therefore, the undersigned finds that the ALJ did not and could not commit any error with respect to Dr. David.

Claimant complained of foot, hip and back pain at various times during her treatment with Dr. Gutkin. R. 274, 278, 283, 287, 291, 296, 525, 528, 544, 548. Claimant's physical examinations were unremarkable, with the exception of left paraspinal tenderness between September 2012 and June 2013. R. 275, 526, 529, 545, 549, 613.[6] Dr. Gutkin assessed Claimant with a variety of impairments, including obesity, diabetes mellitus with neuropathy, hypertension, and hyperlipidemia. *See* R. 271-98, 524-30, 543-50, 610-13. Dr. Gutkin, however, never opined that Claimant's impairments cause any functional limitations. *See id*.

The ALJ discussed Dr. Gutkin's treatment notes, R. 32, but did not assign any weight to Dr. Gutkin's treatment notes, *see* R. 30-36.

Claimant maintains that Dr. Gutkin's treatment notes reveal that she suffered from a variety of impairments, and that these impairments, taken together, would impact her ability to "sit, stand, walk, concentrate, use her upper extremities and use her lower extremities." Doc. 22 at 25. Thus, Claimant argues that the ALJ should have, but failed to, weigh Dr. Gutkin's treatment notes. *Id*. "A medical provider's treatment notes may constitute medical opinions if the content reflects judgment about the nature and severity of the claimant's impairments." *Lara v. Comm'r of Soc. Sec.*, 2017 WL 3098126, at *5 (11th Cir. 2017) (per curiam) (citing *Winschel*, 631 F.3d at 1179). The treatment notes at issue document Claimant's subjective statements, largely unremarkable examination findings, diagnoses, and treatment. *See* R. 271-98, 524-30, 543-50, 610-13. The treatment notes, however, do not reflect any statements or judgments about the nature and severity of Claimant's impairments, nor do they contain any opinions about Claimant's functional

---

[6] Dr. Gutkin also observed Claimant using a walker in July 2012. R. 283. Claimant was later observed using a walker by other medical providers. *See, e.g.*, R. 697, 706. There is no evidence that any medical provider, including Dr. Gutkin, recommended or prescribed the use of a walker. *See* R. 268-731.

limitations. *See id.* Thus, the undersigned finds that the ALJ was not required to weigh Dr. Gutkin's treatment notes.

Further, assuming Dr. Gutkin's treatment records contain medical opinions that should have been weighed, the ALJ's failure to weigh those medical opinions is harmless error. The ALJ considered Dr. Gutkin's treatment notes, as well as the other medical evidence of record, and found that Claimant had the RFC to perform less than the full range of sedentary work. R. 30-36. Claimant has pointed to nothing – and the undersigned's independent review has revealed nothing – in Dr. Gutkin's treatment notes, such as observations concerning Claimant's symptoms or opinions concerning Claimant's functional limitations, that demonstrate that Claimant's impairments caused functional limitations greater than those contained in the ALJ's RFC determination. *See Wright v. Barnhart*, 153 F. App'x 678, 684 (11th Cir. 2005) (per curiam) (failure to weigh a medical opinion is harmless error if the opinion does not directly contradict the ALJ's RFC determination); *see also Caldwell v. Barnhart*, 261 F. App'x 188, 190 (11th Cir. 2008) (per curiam). The ALJ's RFC determination, instead, appears to be consistent with Dr. Gutkin's treatment notes. Thus, to the extent the ALJ erred by not weighing Dr. Gutkin's treatment notes, the undersigned finds that the error is harmless.[7] Therefore, it is **RECOMMENDED** that the Court reject Claimant's second assignment of error.

---

[7] The undersigned notes that Claimant discusses treatment notes from other physicians at CFM. Doc. 22 at 23-25. Claimant, as previously mentioned, does not argue that the ALJ erred as to any of those physicians. *See supra* at pp. 7. Therefore, Claimant has waived any arguments as to those physicians. *Id.* To the extent Claimant intended to argue that the ALJ erred by failing to weigh treatment notes from other physicians at CFM, the undersigned finds that argument unavailing for the same reasons Claimant's argument concerning Dr. Gutkin is unavailing.

**C. The VE's Testimony.**

Claimant maintain that the ALJ's hypothetical question to the VE was not supported by substantial evidence due to the ALJ's failure to adequately consider and weigh Claimant's treating physicians' opinions. Doc. 22 at 30-32. Claimant, as a result, argues that the ALJ erroneously relied on the VE's testimony in determining that she can perform her past relevant work. *Id*. This argument is unavailing for two principle reasons. First, Claimant fails to articulate what limitations should have, but were not, included in the ALJ's hypothetical. *See id*. Second, the success of this assignment of error is contingent upon the success of her second assignment of error. The undersigned, as discussed above, found the arguments Claimant raised in her second assignment of error unavailing. *See supra* pp. 5-9. Thus, the undersigned finds that Claimant's third assignment of error is unavailing. Therefore, it is **RECOMMENDED** that the Court reject Claimant's third assignment of error.

IV.    **CONCLUSION.**

Accordingly, it is **RECOMMENDED** that the Court:

1. **AFFIRM** the Commissioner's final decision; and

2. Direct the Clerk to enter judgment in favor of the Commissioner and against the Claimant, and close the case.

## NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

Recommended in Orlando, Florida on August 15, 2017.

 

DANIEL C. IRICK
UNITES STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy